EDWARD OWENS

*vs.*

ISAAC D. OWENS *et al.*

Sussex, March T. 1883.

*Testamentary trustees; exercise of powers by; legatee indebted to estate.*

Where the powers of testamentary trustees were limited to selling real estate and dividing the proceeds among legatees, *held*, under the circumstances of the case, that they could not be compelled to deduct from the share payable to one of the legatees the amount of an alleged indebtedness from such legatee to the testator's estate.

BILL FOR AN INJUNCTION, ETC.—One John Owens, late of Sussex County, made his last will and testament on the 7th day of January, 1842, and afterwards died on or about the 14th day of May, 1847.

The will was duly admitted to probate before the register of wills on the 15th day of June, 1847, and letters testamentary on the estate of the said Owens were, on the said last-mentioned day, granted to Mary Owens, appointed executrix of said will.

The testator, in said will, among other things, bequeathed and devised as follows:

"I give and devise unto my beloved wife, Mary, all my estate, both real and personal, during her natural life, and at her decease to be disposed of as hereinafter directed. After the decease of my said wife I direct the sale of my said real and personal property, and I hereby authorize and empower my wife to appoint, by will or otherwise, some suitable person or persons for said purpose, who are required to give bond and surety for the true performance of said trust, as directed by the register of wills, and granting letters of administration for the County of Sussex for the time being,— the real estate to be sold on a credit of five years, payable in five equal yearly installments, together with the interest due

on the whole sum at the time of each payment; and out of the sale of said real estate, I give and bequeath as follows, viz.: To Margaret Griffith, daughter of Seth Griffith, $300; to Philip Green's three children, the children of my sister Elizabeth, each $100, and if one or more of said children die before they shall receive the same, the share of such child as shall die to go over to the survivors, equally. To Mary Dukes, daughter of my sister Anne, $500; to Jonathan Owens, my youngest brother, $800, and if he should die before he receives the said legacy, for the same to go to his children; to Edward Owens, my brother, $1,200, and if he should die before he receives the said legacy, for the same to go to his children equally."

The said testator then devised as follows: "Respecting my personal estate, so much as may remain after paying my just debts and supporting my wife during her life, which I wish her to enjoy freely, and who, by the present Act of Assembly of the State, would be compelled to give security for the full amount of the same to the legatees, and she being a legatee for life,—therefore order that such provision shall not be enforced respecting my wife; and that in collecting my personal estate after the death of my said wife, no more shall be demanded than there appears actually to remain; so that, should misfortune overtake my said wife, that the legatees to this my personal estate may not expect any more than shall remain; and of said balance, if any, I give and bequeath the same to the same persons before mentioned as legatees, out of the real estate and in the same proportion; also the balance of the sale of the real estate (if any) to the same, and in the same proportion; in case any of said legatees should be under age at the time of the sale or unmarried, that the share or shares of such shall remain in the hands of the person or persons authorized to sell until such disability shall be removed.

"My object is to sell the farm I purchased of William Fowler in my life, in order to pay my debts; but should it so happen that I do not sell it, it is my wish that it may be

sold by my said wife—whom I hereby appoint my sole execu-trix—and be applied to the payment of my debts.

" It is my wish and desire that the person or persons who shall have the sale of my real estate, to pay over to the several legatees, out of each payment, their proportional part thereof in order that they may receive their legacies in five installments out of said real estate; also in order that the persons receiving shall pay as fast as they receive."

It appears that the said Mary Owens, executrix, as afore-said, did, on the 26th day of April, 1848, pass her first account on the estate of said deceased before the register of wills, by which it is shown that there remained in her hands at that date the sum of $4,565.60, as unappropriated balance, and she did not pass any other account on the estate of said deceased.

The said Mary Owens, on the 10th day of March, 1851, intermarried with and became the wife of one Henry Little.

On the 5th day of September, 1868, she executed and published her last will and testament, which was admitted to probate by the register of wills on the 5th day of February, 1871, and letters testamentary on her estate were granted on the same day to Isaac D. Owens and John Owens, two of the defendants, who, on the 20th day of April, 1872, passed their first and only account on her estate; wherein it appeared that there remained in their hands at that time the sum of $214.25 as unappropriated balance of the personal estate of said deceased.

Mary Little, formerly Mary Owens, in her last will, after reciting the provisions of the will of her former husband, John Owens, authorizing her to do so, nominated and ap-pointed Isaac D. Owens to make sale of the said real estate so as aforesaid devised by the said John Owens, and to do and perform all the duties and trusts in his said will specified.

The said Isaac D. Owens and John Owens, with Edward Owens and Jonathan J. B. Fooks, as their sureties, on the 2d day of September, 1871, made and executed their bond in writing with the condition that they, the said Isaac D. Owens

and John Owens, should faithfully and legally execute the powers and trusts committed to them by the will of the said John Owens, deceased, for selling the real and personal estate of the said John Owens, deceased; and to make a faithful appropriation of the proceeds of such sale according to the provisions of the will of John Owens, deceased; and to do and perform every other duty and trust imposed by the will of the said John Owens according to the true intent and meaning thereof, which bond was approved by Locksley R. Jacobs, register of wills in and for Sussex County, and the same directed by him to be filed in the register's office.

Joseph T. Adams was appointed administrator *de bonis non cum testamento annexo* of said John Owens, deceased, on the third day of January, 1879, by the then register of wills for Sussex County.

The said Isaac D. Owens and John Owens afterwards, on the 30th day of September, 1871, sold at public vendue all the lands of said John Owens, deceased, which he had directed to be sold in his last will and testament, for the sum of $4,430.30.

The bill charges that Jonathan Owens, one of the defendants, who was named as one of the *cestuis que trust* or beneficiaries, in the will of John Owens, deceased, and who is entitled under the direction of said will to a certain legacy of $800, is a debtor to the said John Owens, deceased, who at the time of his death held two judgment notes against the said Jonathan Owens,—one of which is for the sum of $340, dated October 1, 1846, and due January 1, 1848; and the other is for the sum of $197.07, dated October 21, 1846, and due January 1, 1848.

On the 8th day of March, 1877, Jonathan Owens instituted in the superior court of the State, in and for Sussex County, an action of debt on the said bond of Isaac D. Owens, John Owens, Edward Owens and Jonathan J. B. Fooks, for his share of the said sum of $4,430.30.

This suit was afterwards referred to referees, but owing to a misunderstanding of the attorneys for the parties respect-

ively as to what matters were referred, a preliminary injunction was awarded on application of the defendants in said suit, in effect to restrain the said Jonathan Owens from any further proceedings in said cause until the further order of the chancellor.

It is stated in the bill that the said Jonathan Owens is now insolvent, and has been ever since the year 1858; and that unless the amount of said notes due by him as aforesaid to the said John Owens is retained out of the money in the hands of the said trustees, it will never be collected; and that Edward Owens, the complainant in the bill, will lose his just and respective portion thereof.

The prayers of the bill are as follows:

1. That the said Jonathan Owens may be restrained by the injunction of this honorable court from proceeding any further in his said suit at law against the said Isaac D. Owens, John Owens, Edward Owens, your orator, and Jonathan J. B. Fooks, and especially from asking confirmation of said report of said referees.

2. That the said trustees, the said Isaac D. Owens and John Owens, the said Joseph T. Adams, administrator *d. b. n. c. t. a.* of the said John Owens, deceased, and the said Jonathan Owens, may be decreed to interplead together; and that it may be ascertained, in such manner as the court shall direct, whether said two notes, debt and interest of the said Jonathan Owens, should not be paid by them to the said Joseph T. Adams, administrator, as aforesaid, or retained by the said trustees out of the fund arising from the sale of said lands so as aforesaid in their hands, if the share of said Jonathan Owens therein is sufficient; and that the amount of said two notes, debt and interest, whether paid by said Jonathan Owens to said administrator, or retained by said trustees as aforesaid, be distributed to and among the legatees in said will named, in the proportions therein mentioned; and that in the mean time the said Jonathan Owens be restrained from proceeding any further in his said suit at law against your orator and the other defendants therein, and especially from asking confirmation of said report of said referees.

3. That said Jonathan Owens be decreed to pay to the said Joseph T. Adams, the administrator *d. b. n. c. t. a.* of John Owens, deceased, the amount of said two notes, their debt and interest, or that he submit to the retention thereof out of the fund so as aforesaid in the hands of said trustees, if his share thereof shall amount to that much, for a *pro rata* distribution to and among the legatees in said will mentioned.

4. That the said Joseph T. Adams, administrator as aforesaid, be decreed, in case the amount of said two notes, their debt and interest, shall be paid by said Jonathan Owens to him, under the decree of this honorable court or otherwise, or in case the said trustees shall pay the amount thereof to him out of the fund so as aforesaid in their hands under the decree of said court,—to pay over to your orator his proportionate part or share thereof as given him under the will of said deceased.

5. That the said trustees, the said Isaac D. Owens and John Owens, be decreed to retain out of the fund so as aforesaid in their hands the amount of said two notes, their debt and interest, if the share of the said Jonathan Owens shall amount to that sum, and distribute the same, together with such balance of said fund as remains in their hands after paying said legacies, to and among all the legatees in said will mentioned, according to and in the same proportions as the amounts of the original legacies in said will bequeathed.

6. That said trustees be decreed to pay over the entire interest, share, or part of the said Jonathan Owens in the fund so as aforesaid in their hands, to the said Joseph T. Adams, administrator as aforesaid, for distribution and payment by him; that he, as administrator as aforesaid, may retain out of said interest, share, or part, if the same shall be large enough, the entire amount of said two notes of the said Jonathan Owens, their debt and interest, and distribute the same to and among the legatees in said will mentioned according to and in the same proportions as the amounts of the original legacies in said will bequeathed.

7. That the said trustees, in case this honorable court

shall decree the interest, share, or part of the said Jonathan Owens in said fund to be paid to said administrator by said trustees for the purpose of applying the same by him, the said administrator, as aforesaid to the payment, be decreed to deliver to the said administrator the aforesaid two notes of the said Jonathan Owens.

8. That an account may be taken of what is due your orator, as a legatee in the will of said deceased, from said trustees; and that they may be decreed to pay the same to your orator.

The answer of the defendant Jonathan Owens admits nearly all the facts stated in the bill, even the fact of the execution of the two several notes by himself after the date of the will of said John Owens, and that he did owe the same during his lifetime, but he denies that said notes are unpaid, or that he owes the same to the estate of John Owens, deceased. He states in his answer the provisions of John Owens' will respecting his personal estate (which provision has been already stated), and that said Mary Owens, in her first and only testamentary account on the estate of John Owens, charged herself, as executrix, with the sum of $574.30, as received from the defendant by reason of his said indebtedness to the said John Owens. He states that the difference between the said sum of $574.30 and the full sum of debt and interest due on said two notes up to the 26th day of April, 1848, the time of passing said account, was only $12.68, and insists that the said Mary Little (or Mary Owens), as such executrix, having charged herself with said notes, there is no indebtedness due from him to the estate of the said John Owens, either at law or in equity.

The defendant also denies that the said trustees can plead the said two notes to his share in the trust funds, either at law or in equity.

*Jacob Moore* for the complainant.

*Charles F. Richards, Caleb S. Layton* and *Charles M. Cullen* for the defendants.

Opinion: indebtedness of legatee to testator.

THE CHANCELLOR.—This case comes before me for final hearing on the bill, answer and exhibits.

Considering the provisions of John Owens' will, which is in these words, in respect to his personal estate: "So much as may remain after paying my just debts and supporting my wife during her life, which I wish her to enjoy freely, and who by the present Act of Assembly of this State would be compelled to give surety for the full amount of the same to the legatees, and she being a legatee for life,—therefore order that such provision shall not be enforced respecting my wife; and that in collecting my personal estate after the death of my said wife, no more shall be demanded than there appears actually to remain ; so that, should misfortune overtake my said wife, that the legatees to this my personal estate may not expect any more than shall remain of said balance, if any;" and considering that no balance of the personal estate of the said John Owens has been proved in this cause to have remained after the death of the said Mary Owens,—unless the said sum of $12.68, the difference between the amount of the said two notes and the sum of $574.30, the amount which the said executrix charged herself in her said testamentary account as having received from the said Jonathan Owens, can be considered as the balance of the personal estate of John Owens remaining after the death of the said Mary Owens; and considering, further, that Joseph T. Adams not having been appointed administrator *de bonis non cum testamento annexo* of said John Owens, deceased, until the third day of January, 1879, and that the bill states that the said Jonathan Owens was at the time of filing the bill in this cause insolvent, and had been insolvent ever since the year 1858, a period anterior to the death of Mary Little, formerly Mary Owens, and that the said sum of $12.68 could not now be collected by the said administrator *de bonis non*,—I am of opinion that the amount of indebtedness alleged in the bill of Jonathan Owens, to the said John Owens in his lifetime, cannot be deducted from the share and interest of the said Jonathan Owens in the sum of $4,430.30.

That sum is a trust fund in the hands of Isaac D. Owens and John Owens, to be distributed by them as directed in the will of John Owens, in the shares and proportion in said will mentioned. They have no authority to sue for or collect any debt due to the estate of John Owens whatever; but authority only to distribute the proceeds of the sale of the land, and such of the personal estate, including debts, of course, which should remain after the death of Mary Owens, and which should be received and paid over to them by the administrator *de bonis non* of the said John Owens, deceased.

The powers of the trustees are limited by the object and purposes of the trust, and can be exercised by them only in conformity thereto.

I therefore decline to decree in accordance with any of the prayers of the complainant in his bill, and order that the preliminary injunction heretofore awarded in this cause be dissolved, and that the bill be dismissed, with costs.